FILED

IN THE UNITED STATES COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA 13 FEB -4 AM 11: 29
OCALA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA

HOPE MCBRIDE, on her behalf and on
behalf of those similarly situated

CASE NO. 5:13-CV-00018 AC22-PRL

    Plaintiff,
v.

T & A OF CITRUS COUNTY, INC., d/b/a OLIVE TREE RESTAURANT,
and Pavlos Parnos,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**COMES NOW, Defendant, T & A OF CITRUS COUNTY, INC.,** (hereafter "Defendant), and pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, hereby submits this Motion to Dismiss and for Summary Judgment Plaintiff's Complaint brought by Hope McBride, and in support thereof states:

### FACTS

1. This is a Federal question; an action for unpaid wages (specifically, unpaid overtime wages) under the Fair Labor Standards Act (FLSA)

2. The named Plaintiff in this case is Hope McBride (hereinafter "Plaintiff"). The Plaintiff initiated this action when she filed her complaint on or about January 10, 2013.

3. The Defendant in this action is T & A OF CITRUS COUNTY, INC., d/b/a OLIVE TREE RESTAURANT.

4. The Plaintiff was employed at the Olive Tree Restaurant in 2011 and 2012, not 2010 through 2012 as the Plaintiff's current counsel alleges. The plaintiff's former attorney stated such (SEE ATTACHMENT "B"):

5. Defendant is assuming that the Plaintiff's current attorney has made an error in stating the time period in which the Plaintiff worked.

6. The Plaintiff's former attorney requested the payroll records kept by the company for her client on July 20, 2012. The plaintiff's complete payroll records, kept properly as required by law, were delivered to the Plaintiff's former attorney three days later. The Plaintiff's contention to the court that the Defendant did not keep payroll records or kept improper records is patently false, and it is on the record that the payroll records were furnished as requested.

7. The Olive Tree Restaurant is a small local diner-restaurant which provides a la carte and take-out breakfast, lunch and dinner to the local dining public of Citrus County, Florida.

8. The Olive Tree Restaurant does not deliver meals. The Olive Tree Restaurant does not trade in interstate commerce. Instead, the products the Olive Tree Restaurant sells are made on premises, and sells its goods only in Crystal River, Florida, to area residents.
    a. No affidavit is necessary for this undisputed fact. A visit to the restaurant's web site (www.olivetreedining.com), which is in the public domain, can ascertain this as an undisputed material fact quickly & more efficiently than an affidavit.

9. The Plaintiff's capacity in her employment as a cook at the restaurant never included the interstate manufacturing or transporting of any goods or commerce during the period of employment.

10. The Olive Tree Restaurant's Gross Annual Receipts/Sales/Income for the periods that the Plaintiff was employed, were not, as Plaintiff's counsel alleges, over $500,000 annually. As a matter of fact, the Olive Tree Restaurant's Gross Annual Receipts/Sales/Income, as filed with the Internal Revenue Service for the periods that the Plaintiff was employed, were as follows:

   a. 2011: $482,000

      2012: $455,000

   b. See attached Document (ATTACHMENT "A")

11. There are related and additional fatal defects in the Plaintiff's Complaint which proves fatal to its cause. The facts surrounding each defect are explained in detail below.

## Defect I – Lack of Subject Matter or Personal Jurisdiction

12. This Motion seeks dismissal of all counts of the plaintiffs' complaint for lack of subject matter or personal jurisdiction *(pursuant to Rule 12(b)(1), Fed. R. Civ. P.)*, and for failure to state a claim or cause of action upon which relief can be granted *(pursuant to Rule 12(b)(6), Fed. R. Civ. P.)*.

13. This Motion seeks dismissal of all counts of the plaintiffs' complaint because no federal jurisdiction exists under the Fair Labor Standard Act (FLSA) because (1) Ms. McBride, a one-time employee of Olive Tree Restaurant, never engaged in interstate commerce or the production of goods for interstate commerce and (2) Olive Tree Restaurant is not an enterprise engaged in commerce or in the production of goods for commerce.

   a. Under the FLSA, Ms.McBride must show one of the two conditions to proceed:

3

    (i) "For an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce ...." *Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir.2006).*

    (ii) In other words, the employee must either participate in the movement of things in interstate commerce or regularly use the instrumentalities of interstate commerce in his employment. *See Id.*

    (iii) For a business to be engaged in commerce or in the production of goods for commerce, the business must, at a minimum, have an "annual gross volume of sales ... not less than $500,000." *29 U.S.C. § 203(s)(1)(A)(ii) (2006).*

b. Similar and related case law examples, below, support the Defendant's Motion with regards to subject matter and/or personal jurisdiction under FLSA:

    (i) Delisle v. LGY Corp., 2008 WL 1821518 (S.D. Fla. 2008)

    (ii) Casseus v. First Eagle, L.L.C., 2008 WL 1782363 (S.D. Fla. 2008)

    (iii) Monelus v. Tocodrian, Inc., 598 F. Supp. 2d 1312 (S.D. Fla. 2008)

    (iv) Ortiz v. D & W Foods, Inc., 657 F. Supp. 2d 1328 (S.D. Fla. 2009)

    (v) Dent v. Giaimo, 665 F. Supp. 2d 1295 (S.D. Fla. 2009)

c. The undisputed evidence shows that Ms. McBride was not engaged in commerce and/or interstate commerce. Nor was she engaged in the production of goods for commerce and/or interstate commerce. And Olive Tree Restaurant's financial records show that it did not have an annual gross volume of sales reaching $500,000 during the relevant

period (SEE ATTACHMENT "A"). Accordingly, the FLSA does not apply to the employer-employee relationship of Olive Tree Restaurant and Ms. McBride.

### Defect II – Failure to State a Cause of Action

14. Plaintiff's claims should be dismissed for failure to state a cause of action and as speculative in the absence of any documentation or proof of Defendant's lack of proper payroll record keeping as well as offering incorrect and/or complete absence of pleading actual specific days, weeks or even months that the Plaintiff was not paid overtime wages. Plaintiff has not even stated how many hours of ANY SINGLE week she worked above the 40 hours that she was not paid overtime.

   a. Given that Plaintiff failed to state any verifiable material facts or provide the minimum documentation to her pleadings to determine whether she has a claim, the allegations in all counts are "not enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 533, 555 (2007)*. A pre-suit investigation by Plaintiff's counsel would have and should have revealed whether Plaintiff could allege these facts. *Fed. R. Civ. P. 11(b) (requiring "an inquiry reasonable under the circumstances" by counsel before making representations to a court)*.

   **Discovery is not an appropriate cure for this pleading defect.** "Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he

5

5

has such a claim." *Podany v. Robertson Stephens, Inc., 350 F.Supp. 375, 378 (S.D.N.Y. 2004)* (finding plaintiffs should not be allowed to take discovery to determine if they could amend the complaint to state a cognizable claim); see also *Liles v. Stuart Weitzman, LLC, Case No. 09-61448-CIV, 2010 WL 1839229, at \*5 (S.D. Fla. May 6, 2010) ("The Court will not permit discovery of Plaintiff's prior employment records for the purpose of seeking to find some evidence of wrongful conduct by Plaintiff.").*

## STANDARD OF REVIEW

15. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* To survive a motion to dismiss, a complaint must allege both a **cognizable legal theory** and **sufficient facts** to support it. *Balistreri v. Pacifica Police Dept., 901 F.2d 696,699 (9th Cir. 1990).* The complaint **must contain "enough facts to state a claim to relief that is plausible on its face."** *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).* *"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).*

16. In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).* Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal, 129 U.S. 1937, 1950 (2009) (quoting rule).*

6

(i) A court considering a motion to dismiss "must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex re l. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003).* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 129 S.Ct. at 1949.*

(ii) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).* Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*

(iii) Lastly, the Twombly Court expressly noted that Rule 8 does "not require heightened fact pleading of specifics," and that a complaint should only be dismissed where the plaintiffs "have not nudged their claims across the line from conceivable to plausible." *550 U.S. at 570.*

7

## Defect III – Lack Of Capacity

17. Plaintiff's Complaint should be dismissed for Lack Of Capacity pursuant to Federal Rule of Civil Procedure 9(a):

> a. Complaint should be dismissed because Defendant fails to allege capacity pursuant to Federal Rule of Civil Procedure 9(a). "Capacity to sue" is an absence or a legal disability which would deprive a party of the right to come into court. *59 Am.Jur.2d Parties, § 31, (1971).*
>
> b. Plaintiff, as named in the caption by her counsel, is "Hope McBride( "Plaintiff") on her behalf and on behalf of those similarly situated" ("Plaintiffs").
>
> In the body of the Complaint (see page 4, item #22) the Plaintiff alludes to a speculative "class action or collective action" by including additional plaintiffs, but does not state any other names which have joined this lawsuit nor provides any evidence of other plaintiffs who are "similarly situated" and entitled to damages from any cause of action.
>
> Furthermore, Plaintiff has failed to provide any evidence that Ms. McBride has a cause of action; therefore the Court should consider the Plaintiff's counsel including "imaginary" additional plaintiffs in this claim as an unfounded and fatal defective speculative class action; therefore, the case should be dismissed for lack of capacity.
>
> c. Therefore, Defendant, for the purposes of this Motion, rejects any other unknown or imaginary parties, and will refer herein only to the individual Plaintiff Hope McBride as a singular Plaintiff.
>
> d. Similarly, Plaintiff has improperly enjoined Pavlos Parnos, a private individual, who maintains that, as a general manager & employee of a legal corporation, is not joinable individually in this particular lawsuit.

  e. Therefore, Defendant, for the purposes of this Motion, rejects Plaintiff's improper enjoining, and will refer herein to T & A OF CITRUS COUNTY, INC., d/b/a OLIVE TREE RESTAURANT as an individual Defendant.

18. The Plaintiff's case should be dismissed because the Court will most likely agree the case will not survive Defendant's motion for Summary Judgment:

  a. Plaintiff has failed to present any material facts in its pleadings that she is entitled to judgment as a matter of law.

  b. The Plaintiff must come forward with specific facts showing there is a genuine issue for trial". *FED. R. CIV. P. 56(c)*

    (i) Under Federal Rule of Civil Procedure 56(c), a court orders summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *FED. R. CIV. P. 56(c)*.

    (ii) The Plaintiff must come forward with specific facts showing there is a genuine issue for trial". *FED. R. CIV. P. 56(c)*

  c. The Supreme Court established that the movant party (for a summary judgment) is required to point to actual evidence in the record showing an absence of a disputed issue of material fact. After the party moving for summary judgment has satisfied its burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Furthermore, the Supreme Court emphasized the language in Rule 56(e) that the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.," and that "a claim cannot be "implausible". *(FED. R. CIV. P. 56(e) (2006) (amended 2007)*

9

d. There must be a genuine issue of material fact, and such an issue exists if "a reasonable jury could return a verdict for the nonmoving party." *(FED. R. CIV. P. 56(e) (2006) (amended 2007)*

e. If the plaintiff's evidence was "not significantly probative," summary judgment could be granted. *(FED. R. CIV. P. 56(e) (2006) (amended 2007)*

f. The Court held that no genuine issue for trial exists if, when looking at all of the evidence, "a rational trier of fact" could not find for the non-moving party. *(FED. R. CIV. P. 56(e) (2006) (amended 2007)*

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deems this claim/action as frivolous & without merit; grants this Motion to Dismiss and for Summary Judgment and awards Defendant all his costs for having to bring the present motion, along with all such other relief as the court deems just and proper.

**\*\*PROCEDURAL NOTE/REQUEST:** Defendant respectfully requests that the Court hear this motion on the papers as Defendant is not in the best of physical health (heart condition and bladder cancer) to travel and/or appear in person.

Respectfully submitted,

_____
Pavlos Parnos, General Manager, for
T& A OF CITRUS COUNTY, INC.
d/b/a/ OLIVE TREE RESTAURANT
(352) 422-3261
olivetreedining@gmail.com

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, this 1st day of February, 2013 to attorney for Plaintiff:.

Amanda Kayfus
FL Bar # 092805
MORGAN & MORGAN , P.A.
600 N. Pine Island Road  Suite 400
Plantation, FL 33324
Tel: 954-318-0268


*[signature]*
Pavlos Parnos, General Manager
T& A OF CITRUS COUNTY, INC.
d/b/a/ OLIVE TREE RESTAURANT
(352) 422-3261
olivetreedining@gmail.com

Attachment "A"

5:13CV18OC22 RRL

# Bottom Line Bookkeeping & Tax Service, LLC
111 W Main Street Suite 207
Inverness, FL 34450
(352) 637-1122

The gross sales for T & A of Citrus County, Inc. d/b/a Olive Tree Restaurant for 2011 and 2012 are as follows:

2011   $482,631.00

2012   $455,861.00

Thank you,

Suzanne Beal

## DEMAND FROM BOBER & BOBER ATTORNEYS FOR PAYROLL RECORDS

July 20, 2012

Samara Bober
Bober & Bober, P.A.
Attorneys at Law
1930 Tyler Street
Hollywood, Florida 33020

Dear Mr. Parnos:
Please be advised that this law office represents the interests of Hope McBride.....etc. Ms. McBride was employed from about March 2011 to about July 4. 2012. 

## RESPONSE FROM OLIVE TREE RESTAURANT

July 23, 2012
Samara Bober
Bober & Bober, P.A.
Attorneys at Law
1930 Tyler Street
Hollywood, Florida 33020

Dear Ms. Bober:

Attached you will find the payroll records of Hope McBride....etc.