# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**HOPE MCBRIDE, on her own behalf and
on behalf of those similarly situated**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No: 5:13-CV-18-Oc-22PRL**

**T & A OF CITRUS COUNTY, INC. and
PAVLOS PARNOS**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

    Pavlos Parnos, *pro se*, moves to dismiss Plaintiff's FLSA complaint and, alternatively, seeks summary judgment.[2]  Parnos challenges his status as an employer and the sufficiency of Plaintiff's allegations.  Plaintiff has responded (Doc. 13), and the District Judge has referred this matter for a report and recommendation on the motion.  It is now recommended that Defendant's motion be **DENIED**.

## I. BACKGROUND[3]

    Plaintiff alleges that she was hired by Parnos and worked as a cook in his restaurant from approximately March 2010, through July 2012.  She complains that she was not adequately paid

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Notably, while the Motion to Dismiss and for Summary Judgment was filed on behalf of both T&A of Citrus County, Inc. and Mr. Pavlos Parnos, the Court entered an Order striking the motion as it pertains to the corporate defendant because a corporation can only be heard through counsel.  (Doc. 7).  Accordingly, this report and recommendation on Defendant's motion pertains only to the individual Defendant, Mr. Parnos.

[3] The "facts" in this section are taken from Plaintiff's Complaint. (Doc. 1).

overtime by Parnos, who was the owner and operator of the restaurant, responsible for hiring and firing employees, determining work schedules, and controlling finances.

The Court will first address Defendant's request for dismissal, then summary judgment.

## II. DISCUSSION

### A. Motion to Dismiss

### 1. Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  *Id.*

The Eleventh Circuit utilizes a two pronged approach in its application of the holdings in *Ashcroft* and *Twombly*.  First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  *American*

*Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949).   In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

### 2.  Analysis

To state a prima facie claim for failure to pay overtime compensation under the Fair Labor Standards Act, an employee must demonstrate: (1) the existence of an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked forty hours per week but was not paid overtime wages.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, n.68 (11th Cir. 2008).   Here, Defendant argues that Plaintiff's complaint should be dismissed because he is not an employer; Plaintiff has no proof to support her allegations and does not otherwise allege what days, weeks, or months that she was not paid overtime; and Plaintiff fails to allege "capacity" to bring a class or collective action.  The Court will address each of these in turn.

First, although Parnos argues that he is the general manager and an employee of the restaurant (i.e., not an employer), an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  *Freeman v. Key Largo Volunteer Fire and Rescue Dept.*, 841 F. Supp. 2d 1274, 1278 (citing 29 U.S.C. § 203(d)).   And, to be "personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986).

Plaintiff alleges that she was hired in approximately March of 2010 as a cook.[4]  (Doc. 1, at ¶¶ 8, 17).  She alleges that Parnos is an employer because he acted directly or indirectly in the interest of the restaurant.  (Doc. 1, at ¶¶ 6, 9).  Indeed, her specific allegations that he owned and operated the restaurant, regularly exercised authority to hire and fire employees, determined the work schedules of employees, and controlled the finances and operations of the restaurant (Doc. 1, at ¶¶ 5, 16), are sufficient to support Plaintiff's claim that he is an employer under the FLSA. *See e.g., Stewart v. Sterling Technology Solutions, LLC*, 2010 WL 4647135, at *2 (M.D. Fla. Oct. 12, 2010) (finding that the plaintiff had sufficiently alleged facts to support the plaintiff's claim that the defendant was an employer to overcome a motion to dismiss, where the plaintiff alleged that the defendant had a significant ownership interest, operational control, the ability to hire and fire employees, the power to determine salaries and/or pay, and maintained employment records).

Second, although Defendant complains that Plaintiff did not provide specifically what days, weeks, or months that she was not paid overtime, there is no requirement that Plaintiff include these exact details (or plead these details with greater specificity) in her complaint.  *See Mantallana v. McDonald's Corp.*, 2009 WL 756205, at *2 (M.D. Fla. Mar. 18, 2009) (finding that it is enough that the plaintiff has alleged that she was an employee of the defendant, that the defendant failed to properly compensate her for overtime, and that defendant is subject to the FLSA); *see also Mitial v. Dr. Pepper Snapple Group*, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) (finding that the employee's allegation that defendant failed to pay him time-and-a-

---

[4] Notably, the parties seem to disagree on the specific dates of Plaintiff's employment.  Plaintiff contends that she was employed from approximately March of 2010, through July 2012; while Defendant contends that Plaintiff was employed in 2011 and 2012, and not 2010.  (*See* Doc. 1, at ¶¶ 17, 20, 24, 29; Doc. 5, at ¶¶ 4-5).  Regardless of the specific dates of Plaintiff's employment, Defendant does not dispute that Plaintiff was an employee of the restaurant.  Of note, the FLSA defines an employee as "any individual employed by an employer."  *Freeman v. Key Largo Volunteer Fire and Rescue Dept.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing 29 U.S.C. § 203(e)(1)).

half wages for his overtime hours provided the defendant fair notice of the claim and was sufficient to overcome a motion to dismiss).  Plaintiff's current allegations are sufficient: she alleges that during her employment she worked in excess of forty hours in a single workweek and was not compensated overtime.  *See Mitial*, 2012 WL 2524272, at *3 (finding that the plaintiff's allegation that she worked more than 40 hours per week and was not compensated overtime was sufficient and no greater specificity was required at the motion to dismiss stage).[5]

And third, although Defendant contends that Plaintiff's complaint should be dismissed because she "fails to allege capacity" under Fed. R. Civ. P. 9(a)(1), the rule itself states that "a pleading <u>need not allege</u>" capacity, except when required to show that the court has jurisdiction. (emphasis added).  As best the Court can tell, it seems that Defendant is attempting to argue that Plaintiff cannot bring a class action or collective action because the other potential ("similarly situated") plaintiffs are not named.  (Doc. 5, at ¶ 17).  In any event, Defendant's argument in this regard is unavailing.  The FLSA specifically authorizes an employee, as Plaintiff has done here, to bring an action on behalf of herself and others similarly situated.  *See* 29 U.S.C. § 216(b) (stating that an action to recover overtime compensation may be maintained against any employer by "one or more employees for and in behalf of himself or themselves and other employees similarly situated").

---

[5] To the extent that Defendant seeks more specific information from Plaintiff, discovery can provide Defendant with such information.  *See Mitial*, 2012 WL 2524272, at *3 (noting that to the extent that the employer seeks the employee's exact hours, discovery can provide the employer with such information and that the lack of this information is not grounds for dismissal at this stage in the case).

### B. Motion for Summary Judgment

#### 1. Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party.  *See Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).  As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."  *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

#### 2. Analysis

In an apparent effort to dispute the interstate element of Plaintiff's claim, Defendant attempts to challenge the enterprise coverage of the FLSA by submitting a document to show that the restaurant's sales were under $500,000 for 2011 and 2012, and contends, therefore, that judgment should be entered in his favor.  He also submits that a review of the restaurant's internet website will reveal that the restaurant is merely a local service provider, and, therefore, that summary judgement is appropriate.  Further, Defendant provides a letter - where Plaintiff's prior attorney sought employment records from Defendant for March 2011 through July 2012,

but not 2010 - in the hope of proving that Plaintiff did not work in 2010, as she now alleges. None of these submissions are sufficient to remove all issues of fact in this case: the Defendant overlooks the scope of individual coverage, which may subject him to the FLSA;[6] the documents themselves are insufficient to challenge coverage; the internet website does not (and cannot) itself resolve questions of fact about interstate commerce; and the letter from Plaintiff's prior counsel is not conclusive evidence of Plaintiff's period of employment.

More specifically, with respect to gross sales, Defendant's unauthenticated exhibit - which only covers 2011 and 2012, completely ignoring and leaving unaddressed Plaintiff's allegations as to 2010 - provides no information as to how gross volume of sales or business was calculated.  For the purpose of the FSLA, "annual gross volume of sales or business done" is not limited to income, but includes a thorough inquiry into the business of the establishment:

> The annual gross volume of sales made or business done of an enterprise consists of its gross receipts from all types of sales made and business done during a 12–month period. The gross volume of sales made or business done means the gross dollar volume (not limited to income) derived from all sales and business transactions including, for example, gross receipts from service, credit, or other similar charges.... The gross volume of sales or business includes the receipts from sales made or business done by the retail or service establishments of the enterprise as well as the sales made or business done by any other establishments of the enterprise, exclusive of the internal transactions between them.

*Jones v. Freedom Rain, LLC*, 401 F. App'x 409, 411-12 (11th Cir. 2010) (citing 29 C.F.R. § 779.259).  The sparse letter from Defendant, even if it could satisfy Rule 56 standards for

---

[6] For individual coverage to apply, the employee must be (1) engaged in commerce or (2) engaged in the production of goods for commerce.  *Thorne v. All Restoration Servs, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)).  For enterprise coverage to apply, the business must have (1) employees in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) has annual gross volume of sales or business of at least $500,000.  *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § (s)(1)(A)).

consideration,[7] fails to resolve any issue of fact as to coverage under the Act.  Accordingly, the Court cannot say that there are no genuine issue of material fact.[8]

Lastly, summary judgment is somewhat premature.  Defendant filed his motion prior to the Court's issuance of its FLSA Scheduling Order and, at the hearing held on May 8, 3013, it was apparent that discovery was still in its early stages, e.g., Defendant still had payroll stubs and other documents to provide to Plaintiff.  Where there has not yet been discovery or an adequate opportunity for discovery, summary judgment may be inappropriate.  *See, e.g., Ramos v. Goodfellas Broodklyn's Finest Pizzeria, LLC*, 2008 WL 4613059, at *2 (S.D. Fla. Oct. 15, 2008) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)).

---

[7] To support the assertion that there are no genuine issues of material fact, Rule 56 requires citation to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c).  None of the documents submitted by Defendant comport with these requirements.

[8] To the extent that Defendant seeks dismissal of Plaintiff's Complaint under Rule 12(b)(1), Fed. R. Civ. P., contending that this Court lacks subject matter jurisdiction or personal jurisdiction because Plaintiff has not adequately alleged enterprise coverage or individual coverage under the FLSA (Doc. 5, at ¶¶ 12-13), this issue can only be resolved under Rule 56, summary judgment analysis, because these jurisdictional requirements are inextricably intertwined with the merits of the case.  *See Naeyaert v. East Coast Pulmonary and Critical Care Associates, Inc.*, 2010 WL 3942906, at *2 (M.D. Fla. Oct. 5, 2010) (citing *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir.2008)).  However, since the Court finds that Defendant's motion for summary judgment is due to be denied and that this case should proceed, it need not decide this issue at this time.

### III. R<small>ECOMMENDATION</small>

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion be **DENIED** in all respects.[9]

**IN CHAMBERS** in Ocala, Florida on May 13, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

> The Honorable Anne C. Conway
> Counsel of Record
> Unrepresented Parties

---

[9] This denial of summary judgment, however, does not foreclose Defendant from seeking summary judgment in the future if he later determines that there are no genuine issues of material fact.