UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HOPE MCBRIDE, on her own behalf and
on behalf of those similarly situated**

    **Plaintiff,**

v.                                                                                                     **Case No: 5:13-cv-18-Oc-22PRL**

**T & A OF CITRUS COUNTY, INC. and
PAVLOS PARNOS**

    **Defendants.**

---

## ORDER

Plaintiff seeks to strike Defendant's Answer to the extent that Mr. Parnos has filed it on behalf of T & A of Citrus County, Inc. (the "Corporation"). (Doc. 55). Notably, the Court previously struck Defendants' Motion to Dismiss (Doc. 5), as it pertained to the Corporation, because a corporation can only be heard through counsel admitted to this Court. (*See* Doc. 7). Moreover, the Court entered an Order on April 12, 2013, notifying the parties that this case would proceed only as to Mr. Parnos. (Doc. 30).

A review of Defendant's Answer (Doc. 47) reflects that Mr. Parnos is responding to Plaintiff's Complaint on behalf of himself and the Corporation. This, he cannot do. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *see also* Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02.").

Accordingly, Plaintiff's Motion (Doc. 55) is due to be **GRANTED**.  To the extent that Mr. Parnos, proceeding *pro se*, has filed the Answer (Doc. 47) on behalf of the Corporation, it is **STRIKEN**.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on July 25, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Unrepresented Parties
    Counsel of Record